UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Laxton,
    Plaintiff

vs

Cincinnati Bell Telephone, et. al.,
    Defendants

Case No. C-1-07-797
(Weber, J)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Reconsider Order of Dismissal (Doc. 61), Defendants' Memorandum in Opposition to Plaintiff's Motion to Reconsider Order of Dismissal (Doc. 62), and Plaintiff's Reply thereto (Doc. 65).

### BACKGROUND

On January 8, 2009, the Court signed and entered its Order of Dismissal, dismissing this case with prejudice. (Doc. 60.) The Order provided limited continuing jurisdiction over the case, stating that the parties could, "upon good cause shown within 30 days, reopen the action if settlement is not consummated." On November 2, 2009, Plaintiff filed a Motion for Reconsideration, requesting that the Court reopen his case, allow him additional time to obtain new counsel and to conduct additional discovery. (Doc. 61).

Mr. Laxton filed this lawsuit on September 26, 2007. Due to disagreements with his counsel, Plaintiff's first attorney in this case withdrew due to "unreconcilable differences with Plaintiff." (Docs. 35, 37). Plaintiff was granted additional time to obtain new counsel and case deadlines were reset. (Id.). Discovery proceeded following Plaintiff's retention of new counsel. Plaintiff's new counsel ultimately advised him that his claims lacked merit and that, should he choose not to dismiss or settle his claims, they could not ethically continue to represent him. (Doc. 61 at p. 5). The parties and their counsel met with the undersigned magistrate judge on three different occasions between September, 2008 and January, 2009 in attempts to settle Plaintiff's claims. At the third conference, conducted on January 6, 2009, the parties arrived at a negotiated settlement, which they agreed to reduce to a signed, written agreement within thirty days. (Doc. 59). On January 8, 2009, the Court entered an Order of Dismissal, dismissing the

case with prejudice and the case was terminated upon the Court's docket. (Doc. 60). The Order specifically provided that, "any of the parties may, upon good cause shown within 30 days, reopen the action if settlement is not consummated." (Id).

Following the January 6, 2009, negotiated settlement, Plaintiff sought to renegotiate the terms of the settlement. (Doc. 61 at pp. 6-8, Exs. 12-13). Defendants agreed to revise some terms agreed upon at the January 6 conference, while expressly reserving the right to enforce the settlement agreement already reached. (Id.). Plaintiff subsequently refused to sign the written settlement agreement. (Id. at 8). However, Plaintiff did not file a motion requesting that the case be reopened within thirty days as set forth in the Court's Order of Dismissal. Instead, on November 2, 2009, Plaintiff filed his Motion to Reconsider Order of Dismissal (Doc. 61).

## OPINION

The decision to grant a Rule 60(b) motion is within this Court's discretion. *Williams v. United Dairy Farmers*, 188 F.R.D. 266, 271 (S.D. Ohio Sept. 20, 1999)(citing *Amernational Industries, Inc. v. Action-Tungstram, Inc.,* 925 F.2d 970, 975 (6th Cir. 1991)). Rule 60(b) provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . .

Fed. R. Civ. P. 60(b). "In determining what constitutes a reasonable time, the court may consider such factors as the interest in finality, the reason for the delay, the ability of the party to learn earlier of the grounds relied on and prejudice to the opposing party." *United States v. Real Property Known And Numbered As 429 South Main Street, New Lexington, Ohio,* 906 F.Supp. 1155, 1164 (S.D.Ohio Nov. 27 1995)(citing *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610-11 (7th Cir. 1986)). In the present case, Plaintiff filed his Rule 60(b) motion approximately ten months following the order dismissing his case. Under the terms of the court's conditional dismissal, Plaintiff was permitted to file a request to reopen his case, for good cause shown, in the event the settlement was not consummated. Plaintiff failed to file any such request, despite evidence that Plaintiff and his counsel discussed the fact that the thirty-day period had elapsed as

2

early as February 2009. (Doc. 61, Exs. 1, 12). While Plaintiff questioned counsel's failure to file a motion to reopen in April of 2009, he, nonetheless, waited seven months before filing such pro se. Plaintiff states that the delay in filing the present motion was caused by counsel's failure to provide to him his legal files and the subsequent "reconstruction" of said information. However, much of the information attached to Plaintiff's motion, namely emails and correspondence to Plaintiff from counsel, should have been readily available to him and should not have required ten months to acquire. Plaintiff has simply failed to offer any reasonable basis for his failure to timely file the present motion. "[Defendants], the public and the courts have an interest in the finality of this action." *United States v. Real Property Known as 429 South Main Street, New Lexington, Ohio,* 906 F.Supp. 1155, 1164 (S.D. Ohio Nov. 27, 1995). For this reason, we find that Plaintiff's Motion to Reconsider Order of Dismissal to be untimely.

Additionally, even if Plaintiff's motion was considered to be timely filed, Plaintiff has failed to demonstrate such "exceptional or extraordinary circumstances" which would meet the rigorous standards of Rule 60(b)(6). The Sixth Circuit has held that, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001)(quoting *Waifersong Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992)). The Sixth has further held that such "is especially true in an application of subsection (6) of Rule 60(b), which applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Id.* (quoting *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990)). While some courts have granted Rule 60(b)(6) motions when, following the judgment, one of the parties breaches the settlement agreement, "relief under 60(b) is not always mandated merely because one party breaches the terms of the settlement agreement." *Ford Motor Company v. Mustangs Unlimited, Inc.,* 487 F.3d 465, 469 (6th Cir. 2007). "Relief from a judgment should be available in those rare situations in which a settlement fails, not because of one party's refusal to perform, but for reasons beyond the control of the parties that leave the settlement meaningless." *Id.* Under the facts of this case, we do not find that such a situation exists. Plaintiff is basically dissatisfied with the advice he received from his counsel and counsel's assessment of the merits of his case. Plaintiff claims that he felt pressured to participate in mediation and entered the settlement agreement under duress. Apart from Plaintiff's bald assertion, we find no evidence of duress. Plaintiff participated in several settlement discussions before the undersigned and agreed to the terms of the settlement agreement reached on January 6, 2009. By Plaintiff's own admission, he declined previous settlement offers at prior settlement conferences. (*See* Doc. 61, at 4-5). Plaintiff offers no credible basis as to why he did not do so again on January 6, 2009 were the terms not to his liking. Simply stated, Plaintiff's "buyer's remorse" does not rise to the level of exceptional or extraordinary circumstances" meeting the criteria for relief under Rule 60(b)(6).

For the reasons set forth above, we find that Plaintiff's Motion to Reconsider Order of Dismissal (Doc. 61) is untimely and without merit and therefore recommend that said be denied.

3

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Motion to Reconsider Order of Dismissal (Doc. 61) be DENIED.

Date: 1/4/10

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING
OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\DISCRIM\laxton.reopen.r&r.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) — C. Date of Delivery |
| 1. Article Addressed to:<br><br>Robert Laxton<br>585 Rockwell Road<br>Cinti, OH 45238 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 3691 |
| PS Form 3811, August 2001 | Domestic Return Receipt — 102595-02-M-1540 |

1:07cv797 (Doc. 73)