**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT E. LAXTON,

    Plaintiff,

      v.                                            Case No. C-1-07-797

CINCINNATI BELL
TELEPHONE, et al.,

    Defendants.

## ORDER

This matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. 73), plaintiff's objections and request for oral argument (doc. 76), defendants' response (doc. 81), and plaintiff's reply (doc. 83). Defendants have filed a motion for leave to file a supplemental exhibit in support of their response (doc. 82), which plaintiff opposes (doc. 84). Also before the Court is plaintiff's motion to set aside judgment (doc. 72), defendants' response (doc. 74), and plaintiff's reply (doc. 77). The Magistrate Judge concluded that plaintiff's motion to reconsider the order dismissing his lawsuit after the parties had arrived at a negotiated settlement was untimely and without merit, and the Magistrate Judge therefore recommended that the motion be denied. Plaintiff objects to the Report and Recommendation on the grounds that (1) it is premature because the Magistrate Judge issued it without ruling on another pending motion, and (2) the factual findings are incorrect.

### I. Background

Plaintiff brings this action against Cincinnati Bell Telephone and Mark Gerard Kehres, M.D., a physician employed by Cincinnati Bell, claiming that Cincinnati Bell's termination of

1

his employment, purportedly for violation of its Violence in the Workplace policy, violated the Americans with Disabilities Act, the Family and Medical Leave Act, the Rehabilitation Act, Ohio public policy, and Ohio anti-discrimination laws. Plaintiff also brought claims for breach of contract, intentional infliction of emotional distress, defamation, negligent hiring, negligent supervision, negligent retention of employee, and interference with employment relationship, all stemming from his termination. He sought front pay and back pay of over $1,000,000 and punitive and compensatory damages of $5,000,000.

On January 8, 2009, the court entered an order dismissing the case with prejudice after having been advised by counsel for the parties that the case had been settled as to all claims (doc. 60). The order provided that any of the parties could "upon good cause shown within 30 days, reopen the action if settlement is not consummated." There was no further action following dismissal of the case until approximately ten months later when, on November 2, 2009, plaintiff filed a motion to reconsider the order of dismissal (doc. 61). Defendants filed a memorandum opposing the motion to reconsider on November 24, 2009 (doc. 62), which plaintiff moved to strike as untimely (doc. 63). The Magistrate Judge issued an order denying the motion to strike (doc. 70). On December 28, 2009, plaintiff filed a motion to set aside that order (doc. 72). That motion remains pending.

On January 4, 2010, the Magistrate Judge issued his Report and Recommendation recommending that plaintiff's motion to reconsider the order dismissing the action be denied (doc. 73). In his Report and Recommendation, the Magistrate Judge determined that plaintiff's motion to reconsider under Fed. R. Civ. P. 60(b) was untimely because plaintiff had failed to offer a reasonable basis for waiting ten months after the motion to dismiss was entered to seek

reconsideration. The Magistrate Judge further determined that even if the motion were deemed to be timely filed, plaintiff had failed to demonstrate such "exceptional or extraordinary circumstances" as would warrant relief under Rule 60(b)(6). Specifically, the Magistrate Judge found that there was no evidence that plaintiff had participated in mediation or entered into the settlement agreement under duress.

Plaintiff objects to the Report and Recommendation on the ground that it is premature because the Magistrate Judge issued it without considering plaintiff's motion to set aside the order issued on December 22, 2009 (doc. 70), which declined to strike defendants' memorandum in opposition to plaintiff's motion to reconsider. Plaintiff further objects to the Report and Recommendation on the ground that the Magistrate Judge committed the following alleged factual errors: (1) he stated that plaintiff's first attorney, Robert Trainor, withdrew due to "unreconcilable differences" with plaintiff, (2) he purportedly stated that plaintiff's claims lacked merit, (3) he stated that plaintiff sought to renegotiate the settlement agreement terms following the January 6, 2009 negotiated settlement; and (4) he found no evidence of duress.

## II. Opinion

### A. Request for Oral Argument

The legal and factual issues involved in the matters before the Court are not complex and they have been fully briefed by the parties. The Court therefore finds that oral argument is not necessary and plaintiff's request for same is denied.

### B. Motion for Leave to File Supplemental Exhibit

Defendants seek to add to the record a complaint that plaintiff recently filed in state court alleging negligence and legal malpractice by counsel who formerly represented him in this

action. Defendants contend that the complaint filed in state court is further support for their position that plaintiff's dissatisfaction with his own counsel is an improper and insufficient basis for relief from the order dismissing this lawsuit.

The Court finds that the state court complaint is not material to resolution of the objections to the report and recommendation. The motion for leave to file the complaint as an exhibit is therefore denied.

**C. Motion to Set Aside Judgment**

Initially, the court will address plaintiff's motion to set aside the Magistrate Judge's order denying his motion to strike. Plaintiff moved to strike defendant's memorandum in opposition to his motion to reconsider on the ground that defendants filed the memorandum 22 days after plaintiff had filed his motion. The Magistrate Judge issued an order finding that defendants' memorandum was timely filed pursuant to Fed. R. Civ. P. 6(d), which gave defendants three days after service in addition to the time allotted under the rules to file their response. Plaintiff contends that subsection (d) of Rule 6 was eliminated from the amended federal rules which became effective December 1, 2009, so that an additional three days was not available to defendant.

Plaintiff's position is not well-taken. First, the amendments to the federal rules have no bearing on whether defendants timely filed their opposing memorandum because they filed it on November 24, 2009, which was before the amendments to the federal rules took effect. Second, plaintiff's assertion that subsection (d) of Rule 6 was eliminated by the amendments to the federal rules which took effect on December 1, 2009, is incorrect. Subsection (d) remained unaltered by the amendments, so that defendants were entitled to the additional three days to file

4

their memorandum under both the pre-amendment and post-amendment version of Rule 6. Defendants filed their opposing memorandum within the 24 days allotted under the Rules, and it was therefore timely. Plaintiff's motion to set aside judgment is denied**.**

**D. Motion to Reconsider**

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that the motion to reconsider is not well-taken. As an initial matter, the Magistrate Judge's failure to rule on the motion to set aside his order denying plaintiff's motion to strike prior to issuing the Report and Recommendation has no bearing on the proper disposition of the motion to reconsider. The Magistrate Judge's decision to deny the motion to strike was correct, and he properly considered defendant's memorandum in opposition to the motion to reconsider.

Second, plaintiff has failed to demonstrate that the Report and Recommendation contains factual errors. Plaintiff disputes the statement in the Report and Recommendation that his first attorney withdrew due to "unreconcilable differences" with plaintiff. This assertion is consistent, however, with the court's order dated June 12, 2008, which granted plaintiff's counsel's motion to withdraw for this specific reason (doc. 37). Plaintiff raised no objection to the language of the order when it was issued, so there is no indication in the record that the reason provided for the withdrawal was inaccurate. In any event, whether plaintiff and counsel actually had unreconcilable differences as represented to the Magistrate Judge is immaterial to resolution of the motion to reconsider.

Plaintiff also claims that the Magistrate Judge inaccurately concluded that his claims lacked merit. Plaintiff misconstrues the Report and Recommendation in this regard. The Magistrate Judge nowhere states that plaintiff's claims lacked merit. Instead, the Magistrate

Judge states that "Plaintiff's new counsel ultimately advised him that his claims lacked merit and that, should he choose not to dismiss or settle his claims, they could not ethically continue to represent him." Doc. 73, p. 1.

Plaintiff further alleges that the Magistrate Judge erroneously found that plaintiff sought to renegotiate the settlement terms after January 6, 2009. The record demonstrates that plaintiff took issue with various terms of the settlement agreement following its negotiation. Whether plaintiff's communications with counsel concerning these issues are characterized as attempts to renegotiate the settlement or as expressions of disagreement with the settlement is not material to the outcome of the motion to reconsider.

The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law governing a Rule 60(b) motion and has properly applied them to the facts of the case. The Court agrees with the Magistrate Judge that plaintiff has failed to show (1) that he timely filed the motion to reconsider, and (2) that even if the motion was timely filed, he signed the settlement agreement under duress. Accordingly, the motion to reconsider is not well-taken.

### III. Conclusion

For all of the above reasons, defendants' motion to file a supplemental exhibit (doc. 82) is **DENIED**. Plaintiff's motion to set aside judgment (doc. 72) is **DENIED**. The Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (doc. 73). Plaintiff's motion to reconsider (doc. 61) is **DENIED**.

**IT IS SO ORDERED**.

S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT